# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | | |
|---|---|---|
| K.A., a minor, by and through her next friend and guardian, Lisa Adams, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.:  1:17-CV-99-LJA |
| | : | |
| JEFF HOBBY, Sheriff of Worth County, Georgia, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

Before the Court is the parties' Joint Motion for Conditional Certification of Settlement Class, filed December 4, 2017. (Doc. 40.) The parties request that the Court: (1) certify a class for settlement purposes, (2) appoint class counsel, (3) preliminarily approve the proposed Settlement, and (4) direct that notice shall be issued to the class. (*Id.*) The terms of the Settlement are set out in the Settlement Agreement submitted to the Court on December 4, 2017, which counsel for Plaintiffs and Defendants both signed. (*See* Doc. 40-2.) Capitalized terms not otherwise defined in this Order shall have the meaning as ascribed to them in the Settlement Agreement.

The Court having considered the Joint Motion for Conditional Certification of Settlement Class (Doc. 40), the attached Settlement Agreement (Doc. 40-2), and the parties' Proposed Order (Doc. 40-10) to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class, it is hereby **ORDERED** that:

**Jurisdiction**: The Court has jurisdiction over the subject matter of this Action and over all Parties in this Action, including all members of the Settlement Class.

**Class Findings:** The Court **PRELIMINARILY** finds, for purposes of the Settlement, that requirements of the Federal Rules of Civil Procedure, the Rules of the Court, and any other applicable law have been met as to the Settlement Class, in that:

(a) The Members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

(b) Based on allegations in Plaintiffs' Complaint, the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class;

(c) Based on allegations in Plaintiffs' Complaint, the Court preliminarily finds that the claims of Plaintiffs are typical of the claims of the Settlement Class;

(d) Based on allegations in Plaintiffs' Complaint, the Court preliminarily finds that Plaintiffs, K.A., T.S., B.S., A.W., D.J., L.H., and J.E., will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiffs and the nature of their alleged claims are consistent with those of the Members of the Settlement Class; (ii) there are no significant conflicts between or among the Plaintiffs and the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex class actions of this type; and

(e) Based on allegations in Plaintiffs' Complaint, the Court preliminarily finds that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members and would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; and/or (ii) adjudications as to individual class members that would, as a practical matter, be

2

dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

**Class Certification:** Based on the findings set out above, the Court preliminarily certifies the following Settlement Class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) in this litigation (hereinafter the "Settlement Class"): All students seized and searched by employees of the Worth County Sheriff at Worth County High School on April 14, 2017, other than those identified on Worth County Sheriff Jeff Hobby's "target list."[1] The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification under Rules 23(a) and 23(b)(1).

**Preliminary Approval of Settlement**: The   Settlement Agreement is hereby **PRELIMINARILY APPROVED**, as the Court preliminarily finds that:  (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Settlement Agreement was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to  Plaintiffs' claims;  (c) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

**Class Counsel:** As required by Federal Rule of Civil Procedure 23(g), the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this Action; (ii) Class Counsel's  experience in handling class actions, other complex litigation, and claims of the type asserted in this Action; (iii) Class Counsel's knowledge of the applicable law and, in particular, its knowledge of class actions and litigating claims the types of claims asserted in this action as it applies

---

[1]     Sheriff Hobby had a list of thirteen students on a "target list" that he suspected of possessing drugs. (Doc. 1 ¶¶ 9, 34.) The target list included only three students who were in school on April 14. (Doc. 1 ¶¶ 9, 43-45.) As alleged in the Complaint (Doc. 1 ¶¶ 9, 43-45), the three students on the Sheriff's target list in attendance that day were detained and searched in administrative offices at the school, rather than in the hallways or gym with the rest of their classmates.

to claims of the type asserted in this Action; and (iv) the resources Class Counsel has committed to representing the Class. Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2) the Court preliminarily designates the Southern Center for Human Rights ("Southern Center") and Southern Center Attorneys Crystal Redd, Sarah Geraghty, Gerald Weber, Aaron Littman, and Horsley Begnaud attorneys Mark Begnaud and Nathanael Horsley co-lead class counsel ("Class Counsel") with respect to the Settlement Class in this Action.

**Class Representatives:** As indicated above, the Court finds that Plaintiffs, K.A., T.S., B.S., A.W., D.J., L.H., and J.E., are adequate and typical class representatives for the Settlement Class and therefore, hereby appoints Plaintiffs, by and through their next friends and guardians, and S.M. and K.P, as the representatives of the Settlement Class.

As the Court has determined preliminarily that this Action may proceed under Rule 23(a) and 23(b)(1), members of the Settlement Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

**Class Notice:** The parties have presented to the Court a proposed Class Notice which is appended to the Joint Motion for Conditional Certification of Settlement Class (Doc. 40) in the Settlement Agreement (Doc. 40-2) and also especially enumerated in the parties' Proposed Order. (Doc. 40-10.) The Court **APPROVES** the form and content of the Class Notice pending the addition of the following language:

"You are not required to be represented by Plaintiffs' attorneys to opt-in to the

lawsuit. You may retain the attorney of your choice to represent you."

The Court finds that, with such language above-mentioned, the Class Notice fairly and adequately: (1) describes the terms and effect of the Settlement Agreement; (2) describes the class claims, issues, or defenses; (3) states that a class member may enter an appearance

4

through an attorney if the member so desires; (4) states that the Court will exclude from the class any member who requests exclusion; (5) states the time and manner for requesting exclusion; and (6) states the binding effect of a class judgment on members.

The parties have proposed communicating the Class Notice to members of the Settlement Class via U.S. mail, and the Court finds that such proposed manner is adequate. The Court directs that Defendants shall, by no later than **two (2) weeks** from the date of this Order, cause the Class Notice agreed upon by the parties, to be disseminated pursuant to the Settlement Agreement to the last known address of each member of the Settlement Class who can be identified by reasonable effort, and of whose addresses are contained in the records maintained by the Worth County School Board shown on the spreadsheet attached to the Settlement Agreement as Exhibit C.

At or before the Final Fairness Hearing, Defendants shall file with the Court proof of timely compliance with the foregoing mailing requirements.

**Final Fairness Hearing:** A hearing (the "Final Fairness Hearing") pursuant to Rule 23(e) is hereby **SCHEDULED** to be held before the Court on **July 11, 2018 at 10:00 a.m.** at the C.B. King United States Courthouse, 201 West broad Avenue, Albany, Georgia, 31701 to determine finally, among other things:

(a) Whether the Settlement should be approved as fair, reasonable, and adequate;

(b) Whether the Settlement Class satisfies the requirement of Rule 23, and should be finally certified as preliminarily found by the Court;

(c) Whether the notice and notice methodology and procedures proposed by the parties in notifying Class Members and implemented pursuant to the Settlement Agreement (i) were reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, and their right to opt out of the Settlement; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(d) Whether Class Counsel adequately represents the Settlement Class for purpose of entering into and implementing the Settlement Agreement as required by Rule 23(g) and as preliminarily found by the Court;

(e) Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Settlement Class, whether the Plaintiffs have acted independently, and whether the Plaintiffs' interests are identical to the interests of the Settlement Class; and

(f) Any other issues necessary for approval of the Settlement Agreement.

**Compliance with O.C.G.A. § 29-3-3:** The Court specifically **PRELIMINARILY** determines that this Settlement is in the best interests of each minor who is a member of the class; that this Settlement is consistent with the provisions of O.C.G.A. § 29-3-3; and that this Settlement is final and binding upon all parties, including minors.

**Termination of Settlement Agreement:** If the Settlement is terminated in accordance with the Settlement Agreement or does not become Final under the terms of the Settlement Agreement for any other reason, this Order and all Class Findings shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions prior to the entry of the order granting Joint Motion to Stay All Proceedings, entered November 21, 2017. (Doc. 38).

Further, if the Agreement is not approved by the Court, or if the Agreement is not otherwise consummated, for whatever reason, Plaintiffs shall have 14 days to file a response to Defendants' Motion to Dismiss (Doc. 31), and, if a response to Defendants' Motion to Dismiss is filed within that 14-day period, it shall be deemed to have been filed in a timely manner. In addition, the parties agree that Defendants will not argue to the Court, prior to the expiration of that 14-day period, that Plaintiffs' lack of response to the Motion to Dismiss amounts to abandonment, concession, estoppel, or any similar concept whereby Plaintiffs would be precluded from responding to the motion.

**Use of Order:** The Agreement and any and all negotiations, documents, and discussions associated with the Agreement, shall not be deemed an admission or evidence of

any violation of law, the amount of any damages owed to any class member, the value of attorney services provided to the Plaintiffs or Class Members, or any other matter.

**Continuance of Hearing:** The Court reserves the right to continue the Final Fairness Hearing without further written notice.

## CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** the following Deadlines:

A. The parties shall provide **notice** to the Class within two weeks of this Order, and no later than **April 6, 2018**;

B. Each potential class member must submit a **Response Form or Opt-Out Form** to Plaintiffs' attorneys within 100 days of this Order, and no later than **July 2, 2018**; and

C. The Court shall hold a **Final Fairness Hearing** at the C. B. King United States Courthouse, 201 West Broad Avenue, Albany, Georgia 31701 on **July 11, 2018 at 10:00 a.m.**

**SO ORDERED**, this __23rd__ day of March, 2018.

/s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**

7